**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALEX P. MATHEW and JORDAN AFFHOLTER,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>CITIGROUP GLOBAL MARKETS, et al.,<br><br>　　　Defendants,<br><br>AMC ENTERTAINMENT, et al.,<br><br>　　　Nominal Defendants. | Civil Case No. 1:23-cv-12302-FDS<br><br>Hon. F. Dennis Saylor IV, Chief Judge |

**MEMORANDUM OF LAW IN SUPPORT OF NOMINAL DEFENDANT
THE DEPOSITORY TRUST & CLEARING CORPORATION'S
<u>MOTION TO DISMISS AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................... 1

ARGUMENT .................................................................................................................................... 3

    I.      The Amended Complaint Does Not State a Claim Against DTCC ...................................... 3

    II.     There Is No Basis for Plaintiffs' Naming of DTCC as a Nominal Defendant .................... 4

    III.    Amendment Would Be Futile Because DTCC Is Absolutely Immune ............................. 6

CONCLUSION ................................................................................................................................. 7

CERTIFICATE OF SERVICE ........................................................................................................... 9

i

## TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................... 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................ 3

*Dexter v. Depository Trust & Clearing Corp.*, 406 F. Supp. 2d 260
   (S.D.N.Y. 2005), *aff'd*, 219 F. App'x 91 (2d Cir. 2007) (per curiam) ............................ 6–7

*DL Capital Group v. Nasdaq Stock Market, Inc.*, 409 F.3d 93 (2d Cir. 2005) ........................ 6

*Eisenberg v. Wall*, 607 F. Supp. 2d 248 (D. Mass. 2009) ....................................................... 7

*Frith v. Whole Foods Market, Inc.*, 38 F.4th 263 (1st Cir. 2022) ............................................ 3

*Grajales v. Puerto Rico Ports Authority*, 682 F.3d 40 (1st Cir. 2012) ................................... 3

*Hatch v. Department for Children, Youth & Their Families (Rhode Island)*,
   274 F.3d 12 (1st Cir. 2001) ................................................................................................ 7

*January 2021 Short Squeeze Trading Litigation*, *In re*, No. 21-md-2989,
   2023 WL 418821 (S.D. Fla. Jan. 9, 2023), *appeal docketed sub nom.*
   *Jang v. Apex Clearing Corp. (In re January 2021 Short Squeeze Trading*
   *Litigation)*, No. 23-10436 (11th Cir. to be argued Feb. 1, 2024) ....................................... 2

*Lowe v. National Ass'n of Securities Dealers (In re Series 7 Broker*
   *Qualification Exam Scoring Litigation)*, 548 F.3d 110 (D.C. Cir. 2008) ........................... 6

*Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772
   (8th Cir. 2009) .................................................................................................................... 1

*Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49 (1st Cir. 2013) ...................................... 3

*SEC v. Sanchez-Diaz*, 88 F.4th 81 (1st Cir. 2023) ................................................................... 5

*SEC v. Smith*, 710 F.3d 87 (2d Cir. 2013) ............................................................................... 5

*Standard Investment Chartered, Inc. v. National Ass'n of Securities Dealers*,
   637 F.3d 112 (2d Cir. 2011) (per curiam) ......................................................................... 6

*Whistler Investments, Inc. v. Depository Trust & Clearing Corp.*,
   539 F.3d 1159 (9th Cir. 2008) ........................................................................................... 1

**STATUTES**

15 U.S.C. § 78q-1 ..................................................................................................................... 2
15 U.S.C. § 78s ......................................................................................................................... 2

**RULES**

Fed. R. Civ. P. 8(a)(2) .............................................................................................................. 5

Fed. R. Civ. P. 8(a)(3) ...........................................................................................................5

Fed. R. Civ. P. 12(b)(6) ..........................................................................................................1

Fed. R. Civ. P. 20(a)(2)(A) .....................................................................................................5

Fed. R. Civ. P. 45...................................................................................................................5

## INTRODUCTION

This Court should dismiss Nominal Defendant The Depository Trust & Clearing Corporation ("DTCC") from this action pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Amended Complaint, Doc. 20 (Nov. 16, 2023) ("Am. Compl."), fails to state a claim against DTCC. In over 200 pages, the Amended Complaint contains fewer than a dozen references to DTCC, none of which alleges any unlawful conduct by DTCC. None of the Amended Complaint's 11 counts is asserted against DTCC, and the prayer for relief does not seek relief from DTCC. These deficiencies mandate DTCC's dismissal. Further, even if Plaintiffs were to amend to allege claims against DTCC, those claims would be barred by self-regulatory organization ("SRO") immunity.[1] The dismissal of DTCC should therefore be with prejudice to any amendment that would assert claims against, or seek any relief from, DTCC.

## BACKGROUND

DTCC acts through its subsidiaries, including the National Securities Clearing Corporation ("NSCC"). *See Whistler Invs., Inc. v. Depository Tr. & Clearing Corp.*, 539 F.3d 1159, 1163 (9th Cir. 2008). "NSCC provides centralized clearance, settlement, and information services for virtually all securities transactions in the United States." *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 776–77 (8th Cir. 2009). NSCC is "responsible for clearing and settling trades in the U.S. stock markets," acting as "the central counterparty of all matched trades" and "checking and updating stock ownership accounts." Am. Compl. ¶ 292; *see id.* ¶¶ 297, 299. NSCC is registered with and regulated by the Securities and Exchange Commission ("SEC"). *Pet*

---

[1] As explained below, based on the nature of the allegations in the Amended Complaint, DTCC interprets allegations referring to DTCC to concern its subsidiary National Securities Clearing Corporation ("NSCC"), which is a registered clearing agency and SRO under the Exchange Act. *See* pp. 1–2, *infra*. Neither DTCC nor NSCC can be held liable for claims arising from conduct relating to NSCC's SRO functions. *See* pp. 6–7, *infra*.

1

*Quarters*, 559 F.3d at 776; *see* 15 U.S.C. § 78q-1.  NSCC is an SRO.  *See In re January 2021 Short Squeeze Trading Litig.*, No. 21-md-2989, 2023 WL 418821, at *12 (S.D. Fla. Jan. 9, 2023); *see also* 15 U.S.C. § 78s.  Based on the nature of the matters described in the Amended Complaint and the limited allegations concerning DTCC, which are described below, DTCC interprets allegations concerning it to reference NSCC's clearing and settlement functions.

The Amended Complaint alleges wrongdoing by a hodgepodge of banks, hedge funds, exchanges, and media organizations relating to manipulation of AMC Entertainment Holdings, Inc.'s stock price.  It distinguishes between "Defendants," who are named throughout as the alleged wrongdoers, and four "Nominal Defendants," including DTCC, about whom there are no allegations of unlawful conduct.  For instance, the Amended Complaint's preamble refers to "the Defendants" "against" whom claims are asserted and enumerates all the entities labeled as "Defendants" but none of the "Nominal Defendants."  Am. Compl. p. 5.  In context, therefore, generic allegations in the Amended Complaint against "all defendants," *e.g.*, *id.* ¶ 474, do not refer to DTCC (or other Nominal Defendants).

The entirety of the Amended Complaint's allegations identifying DTCC are as follows:

- DTCC is "essential in the clearing and settlement process" for securities transactions.  Am. Compl. p. 3.

- DTCC has "continuous and systematic contacts" in Massachusetts, and in particular, its "clearing and settlement activities within Massachusetts are directly related to the transactions underlying this litigation."  *Id.* ¶ 25.

- After Defendant FTX allegedly created quadrillions of fake "tokenized shares," DTCC recognized the existence of these shares.  *Id.* ¶ 217; *see* Doc. 20-16, at 6 (Exhibit P to Amended Complaint).

- Other Defendants' alleged abuse of DTCC's Continuous Net Settlement system "overburden[ed] . . . DTCC's settlement process and exacerbate[d]" market problems relating to excessive failures to deliver securities within the standard settlement period.  Am. Compl. ¶ 292; *see id.* p. 4; *id.* ¶ 293.  Other Defendants' "interplay" with DTCC and "manipulation of the settlement process appears to have led to a significant number of Failures to Deliver."  *Id.* ¶ 301.

- When other Defendants were "unable to fulfill their delivery obligations," DTCC would "register" this failure. *Id.* ¶ 297. DTCC's "records serve as evidence" of such failures by other Defendants. *Ibid.*

- NSCC reports information to stock exchanges and other SROs that enables the creation of a "a daily list of the issuers with significant delivery failures," known as "the Threshold List." *Id.* ¶ 314.

The Amended Complaint does not allege that DTCC's conduct violated the law in any way. The Amended Complaint asserts 11 counts, but none names DTCC. *See* Am. Compl. ¶¶ 472–516. The Amended Complaint's prayer for relief does not refer to DTCC or any Nominal Defendant, and it does not seek any relief from DTCC or against any property alleged to be held by DTCC. *See id.* pp. 210–11.

## ARGUMENT

The Amended Complaint fails to state a claim against DTCC. It likewise fails to allege any basis for naming DTCC as a "Nominal Defendant." Moreover, because DTCC would be immune from any claims for relief against it, any amendment would be futile. DTCC should therefore be dismissed from this suit with prejudice.

### I. The Amended Complaint Does Not State a Claim Against DTCC.

To state a claim, "a complaint 'must contain sufficient factual matter to state a claim to relief that is plausible on its face.'" *Frith v. Whole Foods Market, Inc.*, 38 F.4th 263, 270 (1st Cir. 2022) (quoting *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012)); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). "If the factual allegations in a complaint, stripped of conclusory legal allegations, raise no 'more than a sheer possibility that a defendant has acted unlawfully,' the complaint should be dismissed." *Frith*, 38 F.4th at 270 (quoting *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice," and that allegations simply asserting legal conclusions "are not entitled to the assumption of truth").

The Amended Complaint here does not state a claim against DTCC. As outlined above, there is no allegation naming DTCC that alleges unlawful conduct. Indeed, the only allegations against DTCC relate to the SRO function that its subsidiary NSCC serves in the securities market—as a clearinghouse that provides settlement services. *See, e.g.*, Am. Compl. ¶¶ 25, 297, 314. And the Amended Complaint seeks no relief from DTCC. Indeed, an exhibit attached to the complaint, which purports to "illustrate[] the grand scheme" alleged by Plaintiffs, *id.* ¶ 1, *does not even mention DTCC at all*. *See* Doc. 20-34 (Exhibit AH to Amended Complaint).[2]

Not only do the Amended Complaint's factual allegations—over the course of nearly 200 pages—fail to implicate DTCC, the Amended Complaint actually casts DTCC as a *victim* of the purported illegality, explaining that Defendants' trading behavior "overburden[ed] . . . DTCC's settlement process." *Id.* ¶ 292. Moreover, as discussed below, the Amended Complaint acknowledges that SRO immunity bars liability for negligent acts or omissions relating to SRO functions. *See id.* ¶ 369. And as explained below, the Amended Complaint's assertion that SRO immunity does not apply to allegedly fraudulent conduct is wrong. *See* pp. 6–7, *infra*.

## II. There Is No Basis for Plaintiffs' Naming of DTCC as a Nominal Defendant.

As noted, the Amended Complaint includes DTCC as a "Nominal Defendant" rather than as a "Defendant." Am. Compl. p. 1. The Amended Complaint nowhere explains what it means by this nomenclature, though perhaps the failure to allege wrongdoing by or seek relief from DTCC explains why it is labeled only as a "Nominal Defendant." In any event, with no claim stated against DTCC, there is no basis for its continued presence in this suit in any capacity.

---

[2] Likewise, the Amended Complaint's discussion of personal jurisdiction discusses many defendants but omits DTCC. *See* Am. Compl. ¶¶ 16–23.

4

One paragraph in the Amended Complaint might provide a clue as to why Plaintiffs included DTCC as a nominal defendant. The Amended Complaint alleges that DTCC, in its role "[a]s the central counterparty of all matched trades" in the securities market, "checks and updates relevant stock ownership accounts." Am. Compl. ¶ 297. It explains that "[i]n cases where [other Defendants] [we]re unable to fulfill their delivery obligations, . . . DTCC would register this as an FTD [*i.e.*, failure to deliver]." *Ibid.* And it concludes that "[a]s such, . . . DTCC's records serve as evidence of any failure by [these Defendants] to fulfill their delivery obligations." *Ibid.* This allegation seems to suggest that Plaintiffs have included DTCC because they believe it is in possession of documents or information relating to the purported misconduct by other Defendants. *See* Doc. 57, at 4–5 (Dec. 6, 2023) (listing 26 categories of records and communications that Plaintiffs requested DTCC preserve on an emergency basis).

Even if that were true, it does not support DTCC being named as a Nominal Defendant. A defendant is one against whom a claim is asserted or from whom relief is sought. *See* Fed. R. Civ. P. 8(a)(2)–(3); *see also* Fed. R. Civ. P. 20(a)(2)(A) (defendants may be permissively joined in an action only if, *inter alia*, a "right to relief is asserted against them"). If Plaintiffs believe DTCC has discoverable documents or information, they must seek third-party discovery from DTCC through a subpoena pursuant to Federal Rule of Civil Procedure 45. Naming DTCC as a "Nominal Defendant" and forcing it to appear in this litigation, however, is not an appropriate mechanism for seeking discovery.[3]

---

[3] In securities cases, a plaintiff will sometimes include so-called nominal defendants, parties against whom no claim is asserted and "who are not accused of having violated the securities laws themselves, but who are believed to be in possession of profits from such violations." *SEC v. Sanchez-Diaz*, 88 F.4th 81, 87 (1st Cir. 2023) (quoting *SEC v. Smith*, 710 F.3d 87, 90 n.2 (2d Cir. 2013)). These nominal defendants "are joined simply to facilitate collection." *Id.* at 89. DTCC is not a proper nominal defendant under this conception of the term because Plaintiffs do not

### III. Amendment Would Be Futile Because DTCC Is Absolutely Immune.

Even setting aside the deficiencies in the Amended Complaint detailed above, DTCC must be dismissed as a party to this suit for an independent reason: all of the allegations concerning DTCC describe its subsidiary NSCC's SRO functions, and any suit relating to those functions is barred by SRO immunity. For that same reason, any further amendment of the complaint would be futile, and the dismissal of DTCC should therefore be with prejudice.

The regulatory model under the federal securities laws depends on regulatory functions conducted by private SROs. *See Lowe v. Nat'l Ass'n of Sec. Dealers (In re Series 7 Broker Qualification Exam Scoring Litig.)*, 548 F.3d 110, 114 (D.C. Cir. 2008). An SRO is absolutely immune from suit for the performance of its SRO functions. *Ibid.* SRO immunity is well-settled law: "[t]here is no question that an SRO and its officers are entitled to absolute immunity from private damages suits in connection with the discharge of their regulatory responsibilities" and that "[t]his immunity extends both to affirmative acts as well as to an SRO's omissions or failure to act." *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers*, 637 F.3d 112, 115 (2d Cir. 2011) (per curiam). Moreover, there is no fraud exception to SRO immunity. *See DL Cap. Grp. v. Nasdaq Stock Market, Inc.*, 409 F.3d 93, 98–99 (2d Cir. 2005); *see also* Am. Compl. ¶¶ 369–370.

SRO immunity bars suits, like this one, arising from NSCC's SRO activities. The SEC has "authority to regulate all persons involved in processing securities transactions," and under 15 U.S.C. § 78q-1, "clearing agencies are required to adopt rules, subject to SEC approval, to further these goals." *Dexter v. Depository Tr. & Clearing Corp.*, 406 F. Supp. 2d 260, 264 (S.D.N.Y.

---

allege—and could not in good faith allege—that DTCC is in possession of any ill-gotten profits at issue.

2005) (Lynch, J.), *aff'd*, 219 F. App'x 91 (2d Cir. 2007) (per curiam).  NSCC, "[a]s a registered clearing agency that has adopted such regulations," is an SRO entitled to absolute immunity.  *Ibid.*

Indeed, Plaintiffs themselves acknowledge that "absolute immunity has traditionally been extended to SROs to enable them to execute their regulatory duties without fear of retaliation." Am. Compl. ¶ 369. The Amended Complaint argues that "this protection cannot and should not serve as a blanket shield when these organizations are accused of fraudulent activities."  Am. Compl. ¶ 369; *see id.* ¶ 370.  But as noted, courts have not accepted such a carveout.

Because any suit based on the alleged conduct of DTCC's subsidiary NSCC is barred by SRO immunity, neither the Amended Complaint nor any conceivable repleading arising from the facts at issue here could give rise to liability.  The dismissal of DTCC from this action should therefore be with prejudice.  *See Hatch v. Dep't for Child., Youth & Their Fams. (R.I.)*, 274 F.3d 12, 16, 25–26 (1st Cir. 2001) (affirming dismissal with prejudice because defendant was entitled to immunity); *Eisenberg v. Wall*, 607 F. Supp. 2d 248, 258 (D. Mass. 2009) (concluding that amendment would be futile for same reason).

## CONCLUSION

For these reasons, DTCC should be dismissed from this action with prejudice.

7

| | |
|---|---|
| Dated:  January 9, 2024 | Respectfully submitted, |

                                     /s/ Joseph Hernandez
Joseph Hernandez (BBO No. 704223)
  *Counsel of Record*
LIBBY HOOPES BROOKS & MULVEY, P.C.
260 Franklin Street
Boston, MA 02110
(617) 338-9300
jhernandez@lhbmlegal.com

Gregory M. Boyle (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 923-2651
gboyle@jenner.com

Jonathan J. Marshall (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, N.W.,
  Suite 900
Washington, DC 20001
(202) 639-5344
jmarshall@jenner.com

*Counsel for Nominal Defendant
  The Depository Trust & Clearing
  Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing document using the CM/ECF system, thereby serving all counsel of record with active ECF filing status. I further certify that on this day, after effectuating electronic filing, I will serve a copy of the foregoing document via email upon the following:

Alex P. Mathew
60 Hope Avenue, Suite 411
Waltham, MA 02453
(781) 330-9195
alexpmathew0311@gmail.com
*Plaintiff, pro se*

Jordan Affholter
1501 Hatcher Crescent
Ann Arbor, MI 48103
jordanaffholter@gmail.com
*Plaintiff, pro se*

                                   */s/ Joseph Hernandez*
                                   Joseph Hernandez