UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEX P. MATHEW and ) <br> JORDAN AFFHOLTER, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> CITIGROUP GLOBAL MARKETS INC., ) <br> et al., ) <br>   ) <br> Defendants. ) | Civil Action No. <br> 23-12302-FDS |

### MEMORANDUM AND ORDER ON MUDRICK CAPITAL'S MOTION FOR REASONABLE ATTORNEYS' FEES

**SAYLOR, C.J.**

This dispute ostensibly concerns a number of alleged securities-law violations committed by various corporate defendants. Plaintiffs Alex Mathew and Jordan Affholter, proceeding *pro se*, alleged that they sustained financial damages as a result of a conspiracy to manipulate the price of shares of AMC Entertainment Holdings, Inc. ("AMC"). Plaintiffs brought suit against 16 defendants, including stock exchanges, regulators, trading firms, a bank, and a media company, as well as "unknown defendants." The sprawling, 430-page first amended complaint purported to assert 11 counts of various securities-fraud violations against all defendants, seeking monetary damages, injunctive relief, punitive damages, and other relief.

Notwithstanding the length of the complaint, on June 17, 2024, the Court granted defendants' motion to dismiss on several grounds, including the complaint's failure to comply with Rules 8 and 9 of the Federal Rules of Civil Procedure, its failure to comply with the Private Securities Litigation Reform Act ("PSLRA") and its pleading requirements, its assertion of civil

claims under criminal statutes, its improper assertion of civil RICO claims based on predicate acts of securities fraud, and more. (ECF No. 220 at 3-4).[1] The Court also denied plaintiffs' motion to amend the complaint for a second time, noting that the proposed text of the second amended complaint was more than seven times longer than its predecessor and did not address any of the fundamental deficiencies of the original version. (*Id.* at 4-5).

After dismissal, defendant Mudrick Capital moved for an award of attorneys' fees under the PSLRA and Fed. R. Civ. P. 11. Defendant contends that plaintiffs violated Rule 11 by filing a rambling, baseless complaint, and seeks to recover $150,049 in attorneys' fees incurred in this action.[2]

The Court certainly sympathizes with defendant's position. Nonetheless, under the relatively unique circumstances of this case, and in light of the *pro se* status of the plaintiffs, the Court does not find that plaintiffs' actions amount to a sanctionable Rule 11 violation. Accordingly, and for the following reasons, the motion will be denied.

**I.    Background**

On October 6, 2023, plaintiffs filed the original complaint in this action.[3] On November 16, 2023, they filed an amended complaint. Mudrick Capital, along with 11 other defendants, then moved to dismiss the complaint for failing to comply with the pleading requirements of Fed. R. Civ. P. 8, among other reasons.

---

[1] For the sake of convenience, the first amended complaint will be referred to as "the complaint" unless the context indicates otherwise.

[2] Although this dispute involved multiple named defendants, only Mudrick Capital has moved for an award of attorneys' fees. Therefore, for the sake of convenience, the term "defendant" will refer only to Mudrick Capital unless the context indicates otherwise.

[3] Further facts relevant to this opinion are described in the memorandum and order on the motions to dismiss. (*See* ECF No. 220).

On January 11, 2024, plaintiffs filed a motion for leave to amend the complaint once again. No proposed second amended complaint was filed with that motion.

On March 17, 2024, plaintiffs filed a motion for "further enlargement of time to amend complaint." (*See* ECF No. 203). Eventually, on May 31, 2024, plaintiffs filed a second amended complaint, which the Court deemed to be the proposed second amended complaint.

On June 17, 2024, the Court granted the motions to dismiss and denied plaintiffs' motion to amend for a second time.

On July 30, 2024, defendant Mudrick Capital moved for an award of attorneys' fees under the PSLRA, asserting that plaintiffs violated Fed. R. Civ. P. 11 by filing a frivolous complaint for improper purposes.

## II.   Analysis

Recognizing that the "[e]xisting Rule 11 ha[d] not deterred abusive securities litigation," Congress enacted the Private Securities Litigation Reform Act ("PSLRA") in 1995 to "reduce significantly the filing of meritless securities lawsuits without hindering the ability of victims of fraud to pursue legitimate claims." H.R. Conf. Rep. No. 104-369 (1995); *see generally Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 166-67 (2d Cir. 1999) (discussing the PSLRA and Rule 11). The PSLRA requires a reviewing court, upon final adjudication of a securities-law action, to "include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1).

If a court finds that a party has violated Rule 11(b), then the court "shall" impose sanctions in accordance with Rule 11. *Id.* § 78u-4(c)(3). The presumptive sanction is reasonable

attorneys' fees and expenses. *Id.* §§ 78u-4(c)(3)(A)(i), (ii). However, that presumption may be rebutted upon proof that (1) the award of attorneys' fees and other expenses would be unjust and would impose an unreasonable burden on the party against whom sanctions are to be imposed, and the failure to make such an award would not impose a greater burden on the party in whose favor sanctions are to be imposed, or (2) the violation of Rule 11(b) was *de minimis*. *Id.* §§ 78u-4(c)(3)(B)(i), (ii).

Although the PSLRA modifies the consequences of a Rule 11(b) violation in a private securities-fraud action, the substantive Rule 11 analysis remains the same. *See* 15 U.S.C. § 78u-4(c); *see also Citibank Global Mkts., Inc. v. Santana*, 573 F.3d 17, 32 (1st Cir. 2009) (noting that the PSLRA "does not alter the standards used to judge compliance with Rule 11"). A party violates Rule 11 when it "advocat[es] a frivolous position, pursu[es] an unfounded claim, or fil[es] a lawsuit for some improper purpose." *In re Ames*, 993 F.3d 27, 34 (1st Cir. 2021) (quoting *CQ Int'l Co. v. Rochem Int'l, Inc.*, 659 F.3d 53, 60 (1st Cir. 2011)). A claim is frivolous when it is "either not well-grounded in fact or unwarranted by existing law or a good faith argument for an extension, modification or reversal of existing law." *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990).

Courts assess Rule 11 compliance using an objective standard, asking whether the parties acted reasonably under the circumstances. *See Ames*, 993 F.3d at 34 (citing *Cruz*, 896 F.2d at 631). Relevant considerations include "the complexity of the subject matter, the party's familiarity with it, the time available for inquiry, and the ease (or difficulty) of access to the requisite information." *Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1425 (1st Cir. 1992). In general, "some degree of fault is required, but the fault need not be a wicked or subjectively reckless state of mind; rather, an individual 'must, at the very least, be culpably careless to

4

commit a violation.'" *Roger Edwards, LLC v. Fiddes & Son Ltd.*, 437 F.3d 140, 142 (1st Cir. 2006) (quoting *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 33, 39 (1st Cir. 2005)). Rule 11 is not intended to chill a party's enthusiasm or creativity, but rather is essentially meant to "require a litigant to stop and think before initially making legal or factual contentions." *Hochen v. Bobst Grp., Inc.*, 198 F.R.D. 11, 16 (D. Mass. 2000).

*Pro se* litigants, such as the plaintiffs in this case, are not exempt from the requirements of Rule 11.  *See Triantos v. Guaetta & Benson*, LLC, 91 F.4th 556, 562 (1st Cir. 2024).  Indeed, "the right of self-representation is not a license not to comply with relevant rules of procedural and substantive law." *Id.* (quoting *Eagle Eye Fishing Corp. v. U.S. Dep't of Com.*, 20 F.3d 503, 506 (1st Cir. 1994)) (internal quotations omitted).  Nonetheless, courts must be "realistic in recognizing [litigants'] *pro se* status" and, given their lack of familiarity with the rules and requirements of litigation, afford them some flexibility.  *See Mills v. Brown*, 372 F. Supp. 2d 683, 693-94 (D.R.I. 2005); *see also Tierney v. Town of Framingham*, 292 F. Supp. 3d 534, 540 (D. Mass. 2018).  Thus, filings submitted by *pro se* parties are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Tierney*, 292 F. Supp. 3d at 540 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

In this case, defendant asserts that plaintiffs' conduct violated Rule 11 in two respects: first, by filing a complaint for improper purposes in violation of Rule 11(b)(1); and second, by advancing frivolous claims in that complaint in violation of Rule 11(b)(2).[4]  The Court addresses

---

[4] The PSLRA requires that the court make a finding concerning each party's compliance with Rule 11 as to "any complaint, responsive pleading, or dispositive motion."  15 U.S.C. § 78u-4(c)(1).  Here, those filings include the complaint and plaintiffs' response to the motion to dismiss.  There is no basis to believe that the response violated Rule 11 in any respect.

5

each assertion in turn.

### A.     Rule 11(b)(1)

Defendant first contends that the filing of the complaint by plaintiffs violated Rule 11(b)(1). (Mot. Att. Fees at 8). Rule 11(b)(1) makes it sanctionable to bring a claim "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. Pro. 11(b)(1). Defendant asserts that the complaint's lengthy and confusing construct and plaintiffs' apparent "tenacity" in pressing their claims are indicative of their intent "to harass" defendant and to "needlessly increase the cost of litigation." (Mot. Att. Fees at 8).

Again, the Court is sympathetic to defendant's position. As the Court noted in its memorandum and order dismissing the suit, the complaint was a lengthy and largely impenetrable mass of allegations and claims, totaling 430 pages including 36 exhibits while naming 16 defendants and purporting to assert 11 counts against each of them. (ECF No. 220 at 1-2). The Court dismissed the action on multiple grounds and denied plaintiffs' motion to leave to file a second amended complaint. (*Id.* at 5).[5]

However, despite the complaint's multiple and glaring deficiencies, it is not apparent that it was filed for improper purposes. Plaintiffs asserted a rambling set of claims concerning an alleged conspiracy between multiple corporate defendants to depress AMC's stock. The complaint did not comply with Rule 8 and other requirements of federal law. If filed by a licensed attorney, the complaint might well be sanctionable. But plaintiffs are proceeding *pro se*, and some degree of latitude must be given to them, particularly when it appears that their efforts

---

[5] The proposed second amended complaint was more than seven times longer than its predecessor, sprawling over 1,598 pages of text, plus 1,992 pages of exhibits, for a total of 3,590 pages—without addressing any of the procedural or substantive deficiencies in the complaint that had been previously brought to plaintiffs' attention.

6

were likely sincere; even under the objective standard for Rule 11 compliance, "some degree of fault is required." *Navarro-Ayala*, 968 F.2d at 1425. And it is not clear that plaintiffs simply intended to harass defendant or needlessly increase the cost of litigation by filing a baseless complaint. Of course, the Court does not condone the filing of such a complaint—whether by a *pro se* litigant or otherwise. But plaintiffs' conduct here, considered as a whole, falls at least somewhat short of a Rule 11 violation.

Nor does plaintiffs' apparent "tenacity" in litigating their claims support a finding of a Rule 11(b)(1) violation. Defendant contends that their continued pursuit of their claims, despite warnings about the multiple deficiencies of the complaint, indicate an improper purpose. However, "it is quite normal for litigants to decline to withdraw their claims despite their adversaries' strenuous argument of lack of merit." *de la Fuente v. DCI Telecommunications, Inc.*, 259 F. Supp. 2d 250, 260-61 (S.D.N.Y. 2003). A *pro se* litigant's decision not to dismiss his claims voluntarily, even if ill-advised, is often a product of naivety and poor strategy as opposed to an improper purpose.

Defendant also suggests that plaintiffs "engaged in gamesmanship" to increase litigation fees by ignoring an offer to stipulate to the filing of a second amended complaint; plaintiffs instead waited until defendant moved to dismiss the complaint before seeking leave to amend. (Mot. Att. Fees at 9). However, such behavior is not necessarily objectively unreasonable, as a party is generally permitted to review the motion in full before seeking to amend.

The Court reiterates that the complaint substantially failed to meet multiple pleading requirements and contained a number of deficiencies that supported dismissal without leave to amend a second time. The targets of that complaint are justifiably frustrated, if not angry. But in light of the *pro se* status of plaintiffs, the Court does not find the filing of the complaint to have

been filed for an improper purpose under Rule 11(b)(1).

### B.    Rule 11(b)(2)

Defendant also contends that plaintiffs violated Rule 11(b)(2), which makes sanctionable the submission of "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). A claim is frivolous when it is "either not well-grounded in fact or unwarranted by existing law or a good faith argument for an extension, modification or reversal of existing law." *In re Ames*, 993 F.3d at 34 (quoting *Cruz*, 896 F.2d at 632).

As noted, the complaint failed to allege a viable claim of securities fraud under the PSLRA. (ECF No. 220 at 9). Moreover, as defendant notes, plaintiffs erroneously attempted to plead securities fraud as a predicate act for a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), when the statute expressly excludes securities-fraud claims from establishing civil RICO violations. (*Id.* at 10-11).

However, under the circumstances, the Court does not find plaintiffs' actions to rise to a Rule 11(b)(2) violation. Complaints are frequently dismissed for failing to allege sufficient facts, and although the complaint here was particularly lacking, it was not completely devoid of any plausible factual allegations. In addition, while the RICO claim may have been defective from the outset, the Court again must be "realistic in recognizing [plaintiffs'] *pro se* status," and evaluate their ability to assert a complex securities-fraud suit in light of their apparently limited resources and legal sophistication. *See Mills*, 372 F. Supp. 2d at 693-94.

Defendant further notes that plaintiffs submitted a memorandum seeking to be exempt from the PSLRA's heightened pleading standard, which in defendant's view demonstrates that the complaint was objectively frivolous. (*See* ECF No. 212). Those arguments—even if entirely

unsupported and unconvincing—do not obviously demonstrate a lack of good faith rising to a Rule 11(b)(2) violation. And, in any event, the challenged filing is the complaint, not the subsequent memorandum. The fact that the complaint was sorely lacking in particularity under the PSLRA's heightened standard does not necessarily constitute a Rule 11 violation, given plaintiffs' *pro se* status. Thus, despite the many shortcomings of the complaint—and notwithstanding the fact that the decision is a close call at best—the Court will deny the motion.

### C.   Sanctions

Finally, and in any event, defendant's requested $150,049 in attorneys' fees would not be the proper form of sanctions in this case. Although the PSLRA establishes a presumptive award of reasonable attorneys' fees and expenses upon the finding of a Rule 11 violation, that presumption may be rebutted when (1) such an award would impose an unreasonable burden on the violating party and (2) failure to grant such an award would not impose a greater burden on the moving party. 15 U.S.C. §§ 78u-4(c)(3)(B)(i), (ii).

Here, plaintiffs have represented that a monetary sanction of any kind would pose an unreasonable burden on them. They have indicated that they do not own any "material assets, wills, life insurance, house or title, [or] savings or retirement funds." (Opp. at 9). One plaintiff contends that he "earns wages slightly under the poverty line," while the other contends that he is a disabled veteran with no assets. (*Id.*). Those assertions do not appear to be disputed. Meanwhile, Mudrick Capital is apparently a sophisticated business enterprise that would not likely suffer any meaningful financial burden in the absence of an attorneys' fees award. Thus, even if the Court found that plaintiffs violated Rule 11, reasonable attorneys' fees would not be the appropriate sanction to impose.[6]

---

[6] The PSLRA requires courts to impose some form of sanction upon a finding of a Rule 11 violation. 15 U.S.C. § 78u-4(c)(3). Thus, even if a court finds that the presumption of an award of attorneys' fees is rebutted, it

9

The Court notes, however, that district courts have the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. *Elbery v. Louison*, 201 F.3d 427 (1st Cir. 1999) (per curiam) (citing *Cok v. Family Ct. of Rhode Island*, 985 F.2d 32, 34 (1st Cir. 1993)). The Court cautions plaintiffs that it might not be so lenient in the future, nor might a different judge who reads this memorandum and order. Any future failure on plaintiffs' part to adhere to the rules might result in injunctive relief or, in appropriate circumstances, monetary sanctions.

### III. Conclusion

For the foregoing reasons, defendant's motion for attorneys' fees is DENIED.

**So Ordered.**

Dated: January 30, 2025

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

---

must still "award the sanctions that the court deems appropriate" if a Rule 11 violation occurs. *Id.* § 78u-4(c)(3)(c). However, because the Court does not find that plaintiffs in this case violated Rule 11, the Court need not impose a non-monetary sanction, such as an injunction, at this time.